UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

    Plaintiff,

v.

    CASE NO. 13-CV-12388
    HONORABLE GEORGE CARAM STEEH

MOUSA MOHAMMED, and
CONNIE KALE,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO
DISMISS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In this 42 U.S.C. § 1983 civil rights action, *pro se* plaintiff Eddie Lee Thompson alleges that defendant doctor, Mousa Mohammed, violated the constitutional rights of Thompson's adult daughter, Kellie Spriggs, by allegedly prescribing her the wrong medications, and otherwise providing negligent medical care, while she was a patient at Lara's House, an adult foster care group home. Defendant Connie Kale is a social worker who was a case manager at Lara's House while Spriggs was a patient there. Now before the court are defendants' motions to dismiss, plaintiff's motion for default judgment, and plaintiff's motion for appointment of counsel. For the reasons stated below, defendant's motions shall be granted and Thompson's motions shall be denied.

Thompson lacks standing to bring this § 1983 suit. Under Article III of the Constitution, a party must demonstrate standing in order to satisfy the "case or controversy" requirement necessary for a federal court to exercise its judicial power. The

-1-

Supreme Court set forth three elements to establish standing in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992):

> (1) Plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) There must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

A plaintiff must show that he suffered some injury as the result of defendants' conduct. Duke Power Co. v. Carolina Env. Study Group, 438 U.S. 59, 72 (1978). "[T]he plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). The clear language of § 1983 provides that a person who acting under color of state law, deprives an individual of her constitutional rights "shall be liable to the party injured," i.e. the injury must be personal to the plaintiff. "The § 1983 cause of action . . . is a personal action cognizable only by the party whose civil rights ha[ve] been violated." Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984). Thompson does not allege that his constitutional rights were violated, only those of his adult daughter. Accordingly, Thompson lacks standing and this court lacks subject matter jurisdiction.

While Congress has recognized that a litigant retains the right to appear *pro se*, 28 U.S.C. § 1654, a litigant may not represent the interests of another person *pro se.* Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002). The law is well settled that a parent may not represent the interests of a minor child *pro se* because a minor's personal cause of action is her own. Id. at 970. It should be even more apparent that a parent may

not represent the interests of his adult child *pro se*. Thompson is not the legal guardian of his adult daughter. Even if he were, he would not be allowed to represent her *pro se*. While Federal Rule of Civil Procedure 17(c) allows the guardian of an incompetent person to sue on the incompetent's behalf, the rule does not allow the guardian to appear *pro se*. Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009). The Second Circuit has explained one rationale for the rule prohibiting guardians from appearing *pro se* on behalf of those they are appointed to represent, is that "[i]t goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). Because this court lacks subject matter jurisdiction, this court does not reach the other arguments in favor of dismissal raised in defendants' briefs.

For the reasons set forth above, defendants' motions for summary judgment (Doc. 9 and 17) hereby are GRANTED. Plaintiff's motion for default judgment (Doc. 10) hereby is DENIED as MOOT. As this is a civil case, this court is not authorized to appoint counsel for plaintiff; thus, plaintiff's motion that this court appoint counsel (Doc. 15) hereby is DENIED.

**IT IS SO ORDERED**.

Dated:  September 4, 2013

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

-4-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2013, by electronic and/or ordinary mail and also on Eddie Lee Thompson, 874 Schafer Street, Flint, MI 48503.

s/Barbara Radke
Deputy Clerk