UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

        Plaintiff,

                                      CASE NO. 13-CV-12388
v.                                 HONORABLE GEORGE CARAM STEEH

MOUSA MOHAMMED, and
CONNIE KALE,

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS ON APPEAL AND DENYING
MOTION FOR APPOINTMENT OF COUNSEL (Doc. 31)**

In this 42 U.S.C. § 1983 civil rights action, *pro se* plaintiff Eddie Lee Thompson alleges that defendant doctor, Mousa Mohammed, violated the constitutional rights of Thompson's adult daughter, Kellie Spriggs, by allegedly prescribing her the wrong medications, and otherwise providing negligent medical care, while she was a patient at Lara's House, an adult foster care group home. Thompson also brought § 1983 claims against defendant Connie Kale who was a social worker and case manager at Lara's House while Spriggs was a patient there. On September 4, 2013, this court entered an order granting defendants' motions to dismiss on the grounds that Thompson lacked Article III standing, Jaco v. Bloechle, 739 F.2d 239, 242 (6th Cir. 1984), and was otherwise unauthorized to file suit as he was barred from appearing *pro se* on behalf of his adult daughter. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002). Now before the court

-1-

is Thompson's motion to proceed *in forma pauperis* on appeal and motion for appointment of counsel.

Thompson was allowed to proceed *in forma pauperis* in the case while it was pending in this district court.  Under Federal Rule of Appellate Procedure 24(a)(3)(A), a party who has proceeded *in forma pauperis* in the district court is allowed to proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith.  Calihan v. Schneider, 178 F.3d 800, 803 (6th Cir. 1999).  In addition, 28 U.S.C. § 1915(a)(3) provides that an *in forma pauperis* appeal may not be taken if the district court certifies that the appeal is not taken in "good faith."  Where the party seeking to appeal *in forma pauperis* is not a prisoner, as here, the court evaluates his request to proceed without paying the filing fee under these standards.  In determining whether or not the request to appeal is taken in good faith, the court relies on an objective standard, Coopedge v. United States, 369 U.S. 438, 445 (1962), and good faith is "established by the presentation of any issue that is not plainly frivolous."  Ellis v. United States, 356 U.S. 674, 674 (1958).

A party seeking to proceed *in forma pauperis* must file an affidavit setting forth the grounds for the appeal so that the court can assess with an appeal can be taken in good faith.  Fed. R. App. P. 24(a)(1)(B)(C); 28 U.S.C. § 1915(a).  Thompson has failed to do so here.  A district court does not abuse its discretion in denying an *in forma pauperis* petition that is not accompanied by such a sworn affidavit.  Flippin v. Massey, 86 Fed. App'x 896 (6th Cir. 2004).  Moreover, it appears that any appeal here would not be taken in good faith as the lawsuit was plainly frivolous. Accordingly,

Thompson's motion to proceed *in forma pauperis* on appeal hereby is DENIED and his request for the appointment of counsel hereby is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated:  September 27, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 27, 2013, by electronic and/or ordinary mail and also on Eddie Lee Thompson, 874 Schafer Street, Flint, MI 48503.

s/Barbara Radke
Deputy Clerk

---